Opinion issued December 1, 2020



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-19-00163-CV

_____

**RACHAEL BRAUD, Appellant**

**V.**

**NATHAN LANE ROBERT, Appellee**

---

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-64891**

---

## MEMORANDUM OPINION

The clerk's record was due on June 11, 2019. Because appellant filed an affidavit of indigence in this Court, instead of in the trial court, an order issued advising appellant to file a statement of inability to afford court costs. The order further directed appellant to have a supplemental clerk's record filed by June 27,

2019, demonstrating that she had filed the statement of inability in the trial court. On June 27, 2019, appellant filed a letter advising this Court that she had filed the statement of inability in the trial court.

On July 29, 2019, the trial court clerk filed another notice of non-payment. This Court then issued an order directing the trial court clerk to file a supplemental clerk's record containing appellant's statement of inability. The supplemental clerk's record was filed on April 8, 2020 but contained an affidavit of indigence, not a statement of inability. *See* TEX. R. CIV. P. 145(a) (requiring filing statement of inability in trial court if appellant claims to be unable to afford appellate record costs). Although an affidavit of indigence may satisfy the requirements of Rule 145, the affidavit must contain a sworn statement by appellant that she cannot afford to pay the costs on appeal. *See* TEX. R. CIV. P. 145(b), (e). Appellant's affidavit of indigence contains sufficient information concerning her financial situation, but it fails to state that she cannot afford to pay costs.

On July 9, 2020, this Court issued another order, with a form statement of inability attached, and explained to appellant that an affidavit of indigence did not comply with the rules and that she should file the attached form statement of inability. The order also advised that unless she had a supplemental clerk's record containing the statement of inability filed in the trial court by July 29, 2020, the appeal might be dismissed. A supplemental clerk's record was filed on July 30,

2020, but no statement of inability was included and the clerk included this notation: "There is no statement of inability form on file in this case."

A final order directing appellant to file the attached form statement of inability issued on September 10, 2020. This order advised appellant that unless she filed the statement of inability in the trial court and requested the filing of a supplemental clerk's record containing this statement of inability her appeal might be dismissed. Appellant has not responded to this Court's order and no supplemental clerk's record has been filed.

Accordingly, appellant failed to demonstrate that she cannot afford the cost of the clerk's record. We dismiss this appeal. *See* TEX. R. APP. P. 37.3(b), 42.3. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack, and Justices Hightower and Adams.